ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

FILED
2009 JUL 30 PM 5:02
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

Long, Franklin E,
Plaintiff

-vs-

Assetcare, Inc.,
Defendant

Case No. 3:09 CV 01777

JUDGE JAMES G. CARR
Judge _____

COMPLAINT AND DEMAND
FOR JURY TRIAL

## INTRODUCTION

This is an action by a consumer seeking damages and declaratory relief for Defendant's violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices and the Ohio Consumer Sales Practices Act ("OCSPA"), O.R.C. § 1345 et seq., which prohibits unfair or deceptive acts or practices in connection with a consumer transaction.

## PARTIES

1. Plaintiff is a natural person residing within Hancock County, in the State of Ohio.

Frank Long
461 W Lytle St #130
Fostoria, OH 44830
(567) 245-0079

2. The Defendant, Assetcare, Inc., hereinafter "Assetcare" is a corporation that regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be due another, or which has as the principal purpose of its business, the collection of debts.

Assetcare, Inc.
C/O CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1692k(d) and 28 U.S.C. § 1331. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and 2202.

4. Venue is proper, because many of the relevant events occurred within Hancock County in the State of Ohio, which is located within this District.

5. Defendant, by engaging in commerce in Hancock County in the State of Ohio, voluntarily placed itself under the jurisdiction of this Court.

6. Plaintiff's Federal and State Law claims against the Defendant derives from a common focus of operative fact and are of such character that Plaintiff would ordinarily be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over Plaintiff's State law claims against the Defendant.

7. This is an action brought by a consumer for violations of the above named Acts in connection with the Defendant's collection tactics in attempting to collect the alleged debt. Thus, the Plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

## FACTS

8. Assetcare does not have a place of business in Ohio.

9. Assetcare was registered as a foreign corporation with the Ohio Secretary of State and cancelled its license on February 15, 2006.

10. Assetcare is a for profit corporation incorporated under the laws of the State of Georgia.

11. On July 5, 2007, Assetcare obtained Plaintiff's credit report from TransUnion.

12. On July 10, 2007, Assetcare sent their first collection letter to the Plaintiff in an attempt to collect an amount of $608.22. The letter stated that the original creditor was American Electric Power and listed an account number and address.

13. Plaintiff called American Electric Power to find out about this account. American Electric Power was only able to find the account using the account number. They did not show that any amount was due and stated that the account was closed in 1999.

14. Plaintiff sent a request for validation of the alleged debt to Assetcare on July 25, 2007.

15. Plaintiff did not receive a response to the validation request.

16. Assetcare continued to send collection letters dated October 3, 2007, January 5, 2008, March 7, 2008, and September 27, 2008.

17. All of the collection letters were sent using an incorrect address for the Plaintiff. Assetcare may have sent more communications that were not received by the Plaintiff.

### FIRST CLAIM FOR RELIEF
#### Violations of the Fair Debt Collection Practices Act

18. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

19. Defendant, which is a debt collector under the FDCPA, violated the FDCPA in numerous ways, including, but not limited to the following:

    A. Continued collections after receiving a request for validation of the alleged debt,

   B. Attempting to collect an amount that is not authorized,

   C. Continued communications after notification to cease communications,

   D. Use of deceptive, unfair, or unconscionable means in an attempt to collect a debt.

20. Plaintiff has been damaged as a direct result of these violations of the FDCPA as set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### Violations of the Ohio Consumer Sales Practices Act

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

22. Defendant, which is a "Supplier" under the OCSPA, violated the OCSPA in numerous ways, including, but not limited to the following:

   A. Continued collections after receiving a request for validation of the alleged debt,

   B. Attempting to collect an amount that is not authorized,

   C. Continued communications after notification to cease communications,

   D. Use of deceptive, unfair, or unconscionable means in an attempt to collect a debt.

23. Defendant acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint. This includes the initial reporting of the account, the handling of the investigations on the account, and all other aspects as set forth in this Complaint.

## RELIEF SOUGHT

24. Plaintiff re-alleges all prior allegations and requests FDCPA violations in the amount of $2000.00.

25. Plaintiff re-alleges all prior allegations and requests OCSPA violations in the amount of $800.00.

26. An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses.

27. Plaintiff also requests all further relief to which he is entitled, whether of a legal or equitable nature.

TRIAL BY JURY IS DEMANDED

*[signature]*

Frank Long
461 W Lytle St #130
Fostoria, OH 44830
(567) 245-0079